# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUPER AWAS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-355** |
| **THE CITY OF NEW ORLEANS, ET AL.** | **SECTION: H** |

## ORDER AND REASONS

Before the Court is Defendant City of New Orleans's Motion to Dismiss Pursuant to Rule 12(b)(1). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff alleges that the City of New Orleans wrongfully demolished property located at 2900–2902 Baronne Street by failing to give Plaintiff notice of the demolition. Plaintiff alleges that the building was demolished pursuant to the City's imminent danger ordinances, which state that notice is not required in emergency situations.[1] However, Plaintiff objects to the imminent danger classification and filed suit in this Court against the City claiming a constitutional tort based upon 42 U.S.C. § 1983 for denial of due process and just compensation under the Fourth, Fifth, and Fourteenth Amendments.

Defendant asks the Court to dismiss Plaintiff's claims for lack of subject matter jurisdiction because the claims are not ripe for review.

---

[1] Doc. 1.

1

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[2] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[3] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[4] A dismissal for lack of subject-matter jurisdiction is not a dismissal on the merits and does not necessarily prevent a plaintiff from pursuing his claims in another forum.[5]

## LAW AND ANALYSIS

Plaintiff's Complaint alleges that the destruction of Plaintiff's property without proper notice violated Plaintiff's rights under the Fifth, Fourth, and Fourteenth Amendments. These can fairly be characterized as a takings claim, a procedural due process claim, and a Fourth Amendment claim. Each of Plaintiff's claims is not yet ripe for the same reason: Plaintiff has not pursued a state remedy to be compensated for the loss.

### I. Takings Claim

In alleging that Plaintiff's property was destroyed by the City and seeking compensation for that destruction under the Fifth Amendment, Plaintiff makes a takings claim. "A takings claim is not ripe until (1) the

---

[2] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[3] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[4] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[5] Brooks v. Flagstar Bank, FSB, No. 11-67, 2011 WL 2710026, at *1 (E.D. La. July 12, 2011).

2

relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedure the state provides."[6] In a physical taking claims, the first ripeness prong is satisfied when the government physically intrudes on the property.[7] This prong was met here when the property was demolished. To satisfy the second prong, Plaintiff must show that it sought just compensation through an adequate state remedy and was denied, or that the state does not provide an adequate remedy.[8]

First, Plaintiff argues that there is no remedy at all because the city ordinances do not provide a means to seek compensation. However, the lack of a city-level remedy is irrelevant. Louisiana provides a state-level remedy via inverse-condemnation proceedings, and the Fifth Circuit has repeatedly required claimants to seek compensation from state courts.[9] Plaintiff must seek a remedy in state court even if the City declined to compensate Plaintiff via the Demolition Claim Form.

Second, Plaintiff argues that the state remedy is inadequate. A state procedure is inadequate only if it "*almost certainly* will not justly compensate the claimant."[10] Plaintiff "bears the burden of proving that, under Louisiana law as applied to it, any attempt to seek compensation via state procedures 'would have been futile.'"[11] Plaintiff argues that a reverse condemnation claim

---

[6] Sandy Creek Inv'rs, Ltd. v. City of Jonestown, 325 F.3d 623, 626 (5th Cir. 2003) (citing Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194–95 (1985)).
[7] *See* Urban Developers LLC v. City of Jackson, 468 F.3d 281, 294 (5th Cir. 2006); John Corp. v. City of Houston, 214 F.3d 573, 578 (5th Cir. 2000).
[8] *See* Severance v. Patterson, 566 F.3d 490, 497 (5th Cir. 2009).
[9] *See id.*; State Through Dep't of Transp. & Dev. v. Chambers Inv. Co., 595 So. 2d 598, 602 (La. 1992).
[10] *Severance*, 566 F.3d at 498 (quoting Samaad v. City of Dallas, 940 F.2d 925, 934 (5th Cir. 1991)).
[11] Liberty Mut. Ins. Co. v. La. Dep't of Ins., 62 F.3d 115, 117 (5th Cir. 1995) (quoting *Samaad*, 940 F.2d at 934).

in state court is bound to fail because the building was not demolished for a public purpose, a requirement in Louisiana proceedings. However, as the City argues, destruction of public property to protect public safety is a public purpose. Plaintiff points to no law suggesting that Louisiana courts categorically refuse to entertain inverse-condemnation proceedings for property demolished in the name of public safety.

Plaintiff also argues that pursuing a state remedy is futile because a judgment against the City may only be paid out of funds appropriated for that purpose and the City has a series of unpaid judgments against it. Pointing to other unpaid judgments is not sufficient to show that Plaintiff specifically will not recover on a judgment.[12] Plaintiff has not carried the burden to show that Plaintiff "almost certainly" could not recover in state court, and Plaintiff's takings claim is therefore not ripe.

## II. Due Process Claim

Plaintiff's Complaint also alleges that the City acted unconstitutionally by failing to give Plaintiff proper notice before the demolition of the structure and destruction of its contents.[13] In *John Corp. v. City of Houston*, the Fifth Circuit considered the justiciability of due process claims arising from a city's demolition of a derelict building.[14] The building owner alleged that the city failed to provide advance notice of the demolition.[15] The court identified this as a procedural due process claim and held that it was not ripe for review until the building owner sought compensation though the state.[16] The building owner also alleged that the ordinances under which the city acted were

---

[12] *See* Steward v. City of New Orleans, 537 F. App'x 552, 555 (5th Cir. 2013).
[13] Doc. 1 at 3–4.
[14] John Corp. v. City of Houston, 214 F.3d 573, 575–76, 585–86 (5th Cir. 2000).
[15] *Id.* at 585.
[16] *Id.* at 585–86.

4

unconstitutionally vague.[17] The court identified this as a substantive due process claim and held that because it implicated different rights than the Taking Clause protects, it was ripe for review without seeking state compensation.[18]

Plaintiff here alleges only that it failed to receive sufficient notice before the demolition, and therefore asserts only a procedural due process claim. Because Plaintiff has not yet sought compensation through a state remedy, Plaintiff's due process claim is not ripe for review.

## III. Fourth Amendment Claim

Plaintiff last claims that the destruction of Plaintiff's property was an unconstitutional seizure under the Fourth Amendment. Demolition of property is a seizure.[19] The elements of a Fourth Amendment claim in the takings context are "(a) a meaningful interference with [Plaintiff's] possessory interests in . . . property, which is (b) unreasonable because the interference is unjustified by state law or, if justified, then uncompensated."[20] As explored above, Plaintiff has not yet pursued the available state remedy to seek compensation for the destruction of Plaintiff's property. Plaintiff's Fourth Amendment claim that depends on a lack of compensation is therefore not ripe.[21]

## CONCLUSION

For the forgoing reasons, Defendant City of New Orleans's Motion to Dismiss Pursuant to Rule 12(b)(1) is **GRANTED**. Plaintiff's claims are

---

[17] *Id.* at 585.
[18] *Id.*
[19] Freeman v. City of Dallas, 242 F.3d 642, 648 (5th Cir. 2001).
[20] *Severance*, 566 F.3d at 502.
[21] *See* New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 833 F.2d 583, 587 (5th Cir. 1987) ("[A] case is not ripe if further factual development is required.").

5

**DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 6th day of September, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**